UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAM N. GAZAB,<br><br>Defendant. | CASE NO. 2:24-cr-00005-JHC-1<br><br>PRELIMINARY JURY INSTRUCTIONS |

DATED this 15th day of May 2024.

_John H. Chun_

John H. Chun
United States District Judge

PRELIMINARY JURY INSTRUCTIONS - 1

**PRELIMINARY INSTRUCTION TO BE GIVEN TO THE ENTIRE PANEL BEFORE JURY SELECTION**

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.

Accordingly, during this voir dire and jury selection, either I or the lawyers may ask questions or use demonstrative aids related to the issues of bias and unconscious bias.

United States District Court Western District of Washington, Proposed Instructions on Implicit Bias, avail at https://www.wawd.uscourts.gov/jury/unconscious-bias (last accessed May 6, 2024)

PRELIMINARY JURY INSTRUCTIONS - 2

## PRELIMINARY JURY INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Jury Instruction – 1.1 (2022 Edition/Updated 2022).

PRELIMINARY JURY INSTRUCTIONS - 3

**PRELIMINARY JURY INSTRUCTION NO. 2**

This is a criminal case brought by the United States government.  The government charges the defendant with Abusive Sexual Contact.  The charge against the defendant is contained in the indictment.  The indictment simply describes the charge the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crime that the government must prove to make its case: The defendant has been charged with Abusive Sexual Contact in Special Airline Jurisdiction, in violation of United States Code, Title 18, Section 2244(b).  To find the defendant guilty of that violation, the government must prove that:

(1) the defendant knowingly had sexual contact with the alleged victim in this case—D.S.;

(2) the sexual contact was without D.S.'s permission; and

(3) the offense was committed in the special aircraft jurisdiction of the United States.

The term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

In this case, the term "special aircraft jurisdiction" includes an aircraft in the United States, or any aircraft in flight that is outside of the United States that has its next scheduled destination in the United States, if the aircraft next lands in the United States.  "Aircraft in flight"

PRELIMINARY JURY INSTRUCTIONS - 4

means an aircraft from the moment all external doors are closed following boarding through the moment when one external door is opened to allow passengers to leave the aircraft.

Ninth Circuit Model Jury Instruction – 1.2, 20.17, (2022 Edition/Updated 2022); 18 U.S.C. § 2246(3); 49 U.S.C. § 46501.

### PRELIMINARY JURY INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Jury Instruction - 1.3

PRELIMINARY JURY INSTRUCTIONS - 6

**PRELIMINARY JURY INSTRUCTION NO. 4**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Jury Instruction – 1.4

PRELIMINARY JURY INSTRUCTIONS - 7

**PRELIMINARY JURY INSTRUCTION NO. 5**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 1.5

PRELIMINARY JURY INSTRUCTIONS - 8

**PRELIMINARY JURY INSTRUCTION NO. 6**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Jury Instruction - 1.6

PRELIMINARY JURY INSTRUCTIONS - 9

**PRELIMINARY JURY INSTRUCTION NO. 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Jury Instruction - 1.7

PRELIMINARY JURY INSTRUCTIONS - 10

**PRELIMINARY JURY INSTRUCTION NO. 8**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do

not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction - 1.8

PRELIMINARY JURY INSTRUCTIONS - 12

## PRELIMINARY JURY INSTRUCTION NO. 9

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Jury Instruction - 1.9

PRELIMINARY JURY INSTRUCTIONS - 13

**PRELIMINARY JURY INSTRUCTION NO. 10**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction – 1.10

PRELIMINARY JURY INSTRUCTIONS - 14

**PRELIMINARY JURY INSTRUCTION NO. 11**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Jury Instruction – 1.16

PRELIMINARY JURY INSTRUCTIONS - 15

**PRELIMINARY JURY INSTRUCTION NO. 12**

A language other than English may be used for some evidence during this trial. If a witness testifies in another language, the witness will do so through an official court interpreter. If recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters or translation. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions or negative inference about any witness or any party based solely upon the use of an interpreter to assist that witness or party.

Ninth Circuit Model Jury Instruction – 1.12 (modified)

PRELIMINARY JURY INSTRUCTIONS - 16

## PRELIMINARY JURY INSTRUCTION NO. 13

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Jury Instruction - 1.11

PRELIMINARY JURY INSTRUCTIONS - 17